EBENEZER FIELD & *al.* *vs.* URIAH HANSCOMB & *al.*

The statute of 1835, *c.* 165, took away the right to appeal from the Court of Common Pleas in petitions for partition.

In making partition of real estate, the commissioners should be governed by the comparative value of the land assigned to each share, and not exclusively by the quantity.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J, presiding.

*Field* and *Baker* petitioned for partition of a tract of land, particularly described in the petition, " containing forty-two acres, more or less." They stated in their petition, that *Field* was seized in fee, as tenant in common with the respondents and others, " of six acres and eighty-six square rods," and that *Baker* was thus seized " of one sixth part, or seven acres and one seventh of an acre ;" and prayed, that their " undivided several parts of the premises" might be assigned in severalty. Judgment was rendered, that the petitioners " have partition of the premises described in the

foregoing petition" without stating in any other way the extent of their rights, and commissioners were appointed to make partition. The commissioners in their return assign to *Field* " his full share of land," describing it, " containing six acres and eighty-six square rods," and to *Baker* " his full share of land," describing it, " containing nine and a half acres, be the same more or less." The report of the commissioners was offered for acceptance, and the respondents objected thereto, because the commissioners had assigned to *Baker* a " greater share than his part of the premises described in the petition." The Judge overruled the objection, and ordered the return to be accepted, to which the respondents filed exceptions. The Judge certified to the truth of the exceptions, but did not allow them, as he supposed the remedy was by appeal. The case was submitted for the decision of the Court on the briefs of counsel.

*Adams,* for respondents.

The remedy is by exceptions, and not by appeal. *Stat.* 1822, *c.* 193, § 5; *stat.* 1835, *c.* 165, § 2; 11 *Mass. R.* 465; 3 *Mass. R.* 305; 4 *Mass. R.* 670; 5 *Mass. R.* 420; 2 *Mass. R.* 441. The commissioners were bound to set off to *Baker* the *quantity* of land he claims in his petition, and which by the judgment he was entitled to, of *an ordinary quality,* compared with the whole lot. *Miller* v. *Miller,* 16 *Pick.* 215.

*Deblois* and *Eveleth,* for the petitioners.

The commissioners set off to *Baker* a greater quantity of land, than he would have been entitled to, had every portion of it been of equal value. They made up the deficiency in quality in quantity, and this was right. 1. Because it has been the common practice. 2. Because of the impossibility of making partition on any other principle. 3. The *stat.* of 1821, *c.* 37, gives the right to the commissioners to make partition according to the value. *Co. Lit.* 165 ; *Witham* v. *Cutts,* 4 *Greenl.* 31. 4. The petition itself does not seek to take the precise number of acres, but asks that his share may be assigned to him. *Bott* v. *Burnell,* 11 *Mass. R.* 167. 5. The exceptions are not properly before the Court, as an appeal was open to the respondents. The right to appeal is taken away by the *statute* of 1835, *c.* 165, only in *actions* originally commenced in the Court of Common Pleas. Nor does the statute authorize exceptions in a case like this.

The opinion of the Court, after a continuance for advisement, was drawn up by

WESTON C. J. — The *stat.* of 1821, *c.* 37, for the partition of lands or other real estate, has provided a process by petition, which may be substituted for a writ of partition at common law. It is not technically a civil action, commencing by writ, but a trial by jury is provided for, and an appeal allowed from the Common Pleas to the Supreme Judicial Court. In 1835, the right of appeal, from the former to the latter Court, was taken away ; and it became the policy of the law to allow but one trial in a civil suit, except in certain cases, at the discretion of the Court. Accordingly, by the *stat.* of 1835, *c.* 165, it was provided, that no appeal shall be had from the Common Pleas in any civil action. Unless petitions for partition, which have in practice taken the place of writs of partition, are held to fall under this class, the right of appeal still exists with regard to them, and they remain subject to all the mischiefs, which were found to attend repeated trials of questions of fact. We are of opinion, that the term, civil actions, is broad enough to embrace petitions for partition. There is no reason for denying an appeal upon a writ of partition, which does not apply with equal force to petitions. But although the right of appeal no longer exists, the party aggrieved by an opinion, direction or judgment of the Court of Common Pleas, in any matter of law, may bring the case into this Court upon exceptions.

We perceive however in the case before us, no error in the opinion or adjudication of the Common Pleas. It must be understood, that the partition made by the commissioners was equal in value, according to the shares of the respective owners. It is not suggested or pretended, that there is any inequality in the value of the shares, as set off in severalty. The comparative value of each share is the criterion, by which equality of partition is to be ascertained. Probably in a majority of cases, this could not be effected by a division, having reference to quantity only.

*Baker*, one of the petitioners, avers that he is seized of one sixth part of the land, of which partition is prayed. This averment is not controverted. He proceeds further to deduce from that proportion, the number of acres of which he is seized in common. This is manifestly based upon the assumption, that there were

nearly forty-three acres in the whole, although the quantity stated is forty-two acres, more or less. It is a result obtained by dividing the number of acres and square rods by six, which would give his fractional proportion. The commissioners have assigned him only a sixth in value, although they have given him a greater number of acres, than he would have been entitled to, if every acre was of equal value. The controlling and decisive averment is, that he is seized of one sixth. That proportion has been assigned to him; and we are of opinion, that the partition made is substantially in conformity with the petition.

*Exceptions overruled.*