STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-08-005

SUSAN C. HARVEY,

Plaintiff,

v.

**ORDER**

ADDISON H. FURROW, JR., and
KAREN LANE,

Defendants.

```
FILED & ENTERED
SUPERIOR COURT

MAR 27 2009

PENOBSCOT COUNTY
```

This matter is before the Court on a motion for summary judgment filed on November 7, 2008 by the plaintiff, Susan C. Harvey.[1] The plaintiff asks this Court to determine that she has superior title to the defendants, Addison H. Furrow, Jr. and Karen Lane, with respect to a certain parcel of land located in Lincoln. In the present motion, the plaintiff seeks to establish title based upon the doctrine of after acquired title and upon a partition in equity. Oral argument was held on this motion on March 24, 2009.

## BACKGROUND

In 1946, William A. Milner, Jr. conveyed a certain parcel in Lincoln, which through subsequent conveyances containing the same description was conveyed to the plaintiff. At the time of this conveyance the neighboring parcel was owned by Elsie and Arthur Milner, the mother and step-father of William A. Milner, Jr. In 1958, Elsie Milner

---

[1] In a related motion the plaintiff has moved to strike the surreply memorandum filed in opposition to her motion for summary judgment. The Court notes that neither M.R. Civ. P. 7 nor M.R. Civ. P. 56 provides a basis for submitting a surreply memorandum. *See Topliff v. El-Hajj*, 2006 Me. Super. LEXIS 242, at *1-2 (Me. Super. Ct. 2006). However, neither do the rules provide for the submission of additional written arguments by way of bench memoranda, of which the plaintiff submitted three at oral argument. Furthermore, the Court always has the discretion to allow or even seek additional legal briefing from the parties. The Court, therefore, chooses to consider the legal arguments (*i.e.*, not any new facts asserted therein) raised in the defendants' surreply memorandum and the plaintiff's bench memoranda.

1

died and William A. Milner, Jr. received a 3/25 interest in the neighboring parcel by intestate succession. Thereafter, William A. Milner, Jr. and all of the other heirs of Elsie Milner executed a deed conveying any interests received by intestacy to Arthur Milner. Through subsequent conveyances containing the same description, the defendants acquired Arthur Milner's parcel.

The problem this Court is now asked to resolve is that the descriptions of these two parcels both contain a certain tract of land between Route 6 and Mattanawcook Lake.[2] William A. Milner, Jr. conveyed this tract to the plaintiff's predecessor in interest in 1946. Subsequently, Arthur Milner also conveyed this tract to the defendants' predecessor in interest. The plaintiff argues in the present motion that even if William A. Milner, Jr. did not have a right to convey the tract in 1946, his prior conveyance became

---

[2] The defendants have argued that the two deeds do not in fact contain the same tract and that the dispute in this case is actually a factual one based upon contradictory surveys by the parties' respective surveyors. However, the survey provided by the defendants' surveyor cannot reflect the description in the plaintiff's deed and, consequently, does not provide any evidence of the boundary described therein. The plaintiff's boundary line is described as follows:

> Beginning at the most westerly corner of land owned or occupied now or formerly by Arthur Milner, and formerly owned by Walter Wells, at the side of the road; thence in a southerly direction along said Milner line about one hundred sixteen (116) rods to the Lake; thence in a westerly direction along the shore of said Lake to a point fourteen (14) rods distant; thence in a northerly direction parallel with said Milner line about (116) rods to the side of said Lee Road; thence in an easterly direction along said Lee road to the point of beginning, fourteen (14) rods.

Penobscot County Registry of Deed at Book 1237, Page 120. This description is contrary to the survey offered by the defendants in two ways. First the defendants' survey shows that the plaintiff's boundary lines run in a southerly direction from the road and then turn in a southeasterly direction towards the lake. This results in a six-sided parcel, which is clearly not described in the deed. Secondly, the turn in the plaintiff's boundaries, as depicted in the defendants' survey, makes the plaintiff's western boundary more than two hundred feet longer than her eastern boundary. The plaintiff's deed clearly describes her eastern and western boundaries as both being the same length, about 116 rods. Consequently, the Court cannot conclude that defendants' survey accurately depicts the parcel described in the plaintiff's deed.

2

effective in 1958 pursuant to the doctrine of after acquired title when he received a 3/25 intestate share from his mother.[3]

## DISCUSSION

"Summary judgment is appropriate when review of the parties' statements of material facts and the referenced record evidence indicates no genuine issue of material fact that is in dispute, and, accordingly, the moving party is entitled to judgment as a matter of law." *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821, 825. A genuine issue of material fact exists when there is sufficient evidence to require the fact-finder to choose between competing versions of a fact that could affect the outcome of the case. *Id.*; *Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747.

The plaintiff's claim to title in the present motion does not depend merely upon the doctrine of after acquired title. *Crocker v. Pierce*, 31 Me. 177, 182 (1850). It also depends upon this Court partitioning the defendants' property.[4] Factually, even if William A. Milner, Jr. conveyed a portion of the parcel in which he later acquired a 3/25 interest, the plaintiff still must prove (1) that the land claimed by the plaintiff pursuant to the doctrine of after acquired title does not constitute more than William A. Milner, Jr.'s

---

[3] Although William A. Milner, Jr., along with the other heirs of Elsie Milner, conveyed all interests in the property that they received through intestacy to Arthur Milner, the conveyance as it related to William A. Milner, Jr.'s share would have been ineffective if he had previously conveyed his interest (*i.e.*, estoppel by deed).

[4] The plaintiff also has argued that the defendants have waived any objection to summary judgment by failing to file a timely opposition. M.R. Civ. P. 7(c)(3). Typically, a party has 21 days in which to file a memorandum in opposition to a motion for summary judgment; however, the Court is free to set a different deadline. M.R. Civ. P. 7(c)(2). In the present case, the Court issued an order on December 2, 2008 requiring that the defendants *serve* their response by December 19, 2008. The defendants *served* their opposition by mail on December 19, 2008 and have certified this to the Court. The default rule of a *filing* deadline in M.R. Civ. P. 7(c)(2) has no application in this case because this Court otherwise provided a *service* deadline by its prior order. Consequently, the defendants' opposition was timely.

3

3/25 interest and (2) that the Court's partitioning of the land would do no injustice to the cotenants. *See Potter v. Wallace*, 215 S.W. 538, 543-44 (Ky. 1919).[5]

According to the defendants' survey, the land in which William A. Milner, Jr. inherited a 3/25 interest in 1958 had an area of 109 acres. The disputed portion of the land has an area of approximately nine acres. The plaintiff argues that because nine acres is less than 3/25 of the area of the larger parcel, the parcel should be equitably partitioned in such as way as to give the plaintiff the disputed portion as representing William A. Milner, Jr.'s 3/25 interest.[6]

The Court cannot agree with the bare assertion by the plaintiff that an *area* equal to 3/25 of a larger parcel necessarily represents a 3/25 *interest* in that parcel. "The comparative value of each share is the criterion, by which equality of partition is to be ascertained." *Eaton v. Hackett*, 352 A.2d 748, 750 (Me. 1976) (quoting *Field v. Hanscomb*, 15 Me. 365, 367 (1839)). Determining the value of property is a complex endeavor requiring one to consider many factors. The skill of property valuation is beyond the abilities of a layperson and expert testimony would be required in order to

---

[5] The plaintiff has argued that partition is appropriate in this circumstance; however, he cites no binding precedent to this effect. Other jurisdictions differ as to whether an attempted conveyance in fee by a cotenant of a portion of a jointly held estate can affect the rights of the other cotenants in any way. *See Johnson v. MacIntyre*, 740 A.2d 599, 606 n. 6 (Md. 1999). Furthermore, the legislature has provided that an action for partition is a separate cause of action and neither party in this case has addressed the propriety of partition without such having been included as a cause of action in the complaint. *See* 14 M.R.S. §§ 6501 et seq. (2008). The outcome of the plaintiff's motion is the same notwithstanding the availability of partition in this instance. Consequently, the Court offers no opinion as to the availability of this remedy. If the ultimate outcome of this case hinged upon the availability of partition then this Court would permit the defendants to fully brief this issue, an opportunity they have not had because of the manner in which the plaintiff has raised this issue. *See* note 6, *infra*.

[6] None of this evidence regarding the size of the parcels, which is drawn from the defendants' survey, is included in the plaintiff's statement of material facts. On the contrary, the plaintiff did not address the issue of equitable partition in her motion for summary judgment or include any facts supporting such a claim in her statement of material facts. The plaintiff only raised this issue at oral argument and provided the Court with a memorandum detailing its argument at that time. This by itself is fatal to the plaintiff's motion. Summary judgment may only be granted if the evidence "referred to in the statements required by subdivision (h) show that there is no genuine issue as to any material fact set forth in those statements." M.R. Civ. P. 56(c). The facts upon which the plaintiff relies are not in her statement of material facts; therefore, her motion for summary judgment must be denied.

4

establish value. The plaintiff has presented no evidence as to improvements on the land, natural resources, or other characteristics that may affect the *value* of real estate. Moreover, the plaintiff has not referred to any evidence whatsoever supporting a claim that the value of the disputed land is equal to or less than the *value* of 3/25 of the total land in which William A. Milner, Jr. had an interest.

Even from a layperson's perspective, the plaintiff's assertion is untenable. The larger parcel in which William A. Milner, Jr. inherited an interest consisted of land north of Route 6 and land south of it. The southern portion of that land has frontage on Mattanawcook Lake. Anyone moderately familiar with land values is aware that there is a negative correlation between the value of property and its distance from water. The disputed land is very close to Mattanawcook Lake and appears to include some frontage. The plaintiff's arguments rely on the unsupported, and likely false, assumption that all of the defendants' land is of equal value notwithstanding its location in relation to the lake or the presence of improvements erected thereon.

Consequently, genuine issues of material fact remain. The plaintiff has not presented sufficient evidence supporting his request for partition. A just determination that the disputed land would have constituted a 3/25 interest in the defendants' land in the year 1958 cannot be made based on the evidence before the Court in the context of this motion.

## CONCLUSION

As stated above, genuine issues of material fact remain; therefore, the plaintiff's motion for summary judgment must be denied.

5

The entry is:

     1.     The plaintiff's motion to strike, filed January 15, 2009, is **DENIED**.

     2.     The plaintiff's motion for summary judgment, filed November 7, 2008, is **DENIED**.

     3.     This order is incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

Date: March 27, 2009

M. Michaela Murphy
Justice, Superior Court

SUSAN HARVEY VS ADDISON FURROW JR
UTN:AOCSsr  -2008-0013637                    CASE #:BANSC-RE-2008-00005
--------------------------------------------------------------------------

| SEQ | TITLE | NAME | DOB | ATTY |
|-----|-------|------|-----|------|
| 001 | PL | SUSAN HARVEY Michael Griffin & Knud Hermansen & Michael Rair Esq | | |
| 002 | DEF | ADDISON FURROW JR  Richard Johnson Esq | / / | T |
| 003 | DEF | JACK R JENSEN ADDED 8/8/08 | / / | PRO |
| 004 | DEF | KAREN LANE Richard Johnson Esq | / / | T |